DOWNEY, Judge.
By petition for certiorari, the City of Hallandale (City) seeks review of two orders of the circuit court of Broward County entered in its appellate capacity. In said orders the circuit court 1) granted respondent’s motion to strike a final order of The Code Enforcement Board of The City of Hallandale (Board), and 2) denied motions filed by the City and the Board to strike and dismiss a petition for writ of certiorari filed by respondent.
The City, through the Board, issued an order directed to respondent ordering the removal of gas station signs found to violate city ordinances. Respondent filed a petition for writ of certiorari to the circuit court seeking review of said order. The petition had three exhibits attached thereto: 1) an affidavit of respondent stating she did not do business at the location in question and that she did not receive the notice of hearing until the hearing date, 2) a copy of the notice of hearing before the Board, and 3) the final order of the Board. No record and no briefs were filed in the circuit court. Consequently, the City and the Board filed motions to dismiss and strike the petition. Respondent herein then filed an amended petition for writ of certiorari and a motion “refuting and rebutting” the City and the Board’s motion to dismiss or strike, and a motion to strike the final order of the Board.
In due course, a hearing was held on said motions and the court denied the motions filed by the Board and the City, and granted the respondent’s motion to strike the final order of the Board.
Since the trial court stated no grounds in its order striking the final order of the Board, we are at a loss to know his reasoning prompting such action. Regardless, it is faulty, no doubt due in part to the fact that respondent was acting pro se and is unfamiliar with appropriate appellate procedures.
In a nutshell, we have a petition for writ of certiorari filed in the circuit court. No record and no transcript of the hearing before the Board upon which the final order was based were presented. Petitioner simply filed an affidavit, a copy of the notice and final order, and motions containing statements of. fact and assertions of applicable legal principles. On this record, the trial court struck the final order under review. We take this as tantamount to granting the petition for writ of certiorari and quashing the action of the Board. This was a departure from the essential requirements of law.
Accordingly, we quash the orders of the circuit court and remand the cause to the circuit court with directions to give respondent an opportunity to properly present the matter to the circuit court for review and, failing that, to dismiss Heim’s petition for writ of certiorari.
LETTS, J., concurs.
ANSTEAD, J., dissents with opinion.